IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY DEMARCO THOMAS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. H-18-1735 |
| v. | § | |
| | § | |
| EVELYN KEYES, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Anthony Demarco Thomas, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit seeking monetary damages for the alleged violation of his constitutional rights by a state appellate court justice.

Having reviewed plaintiff's complaint pursuant to section 1915A, the Court **DISMISSES** this lawsuit for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Plaintiff was convicted of aggravated robbery with a deadly weapon in 2011. He appealed the conviction to the First Court of Appeals in Houston, Texas. The conviction was affirmed in 2012 in an opinion written by defendant Justice Evelyn Keyes, sitting on the First Court of Appeals. The Texas Court of Criminal Appeals subsequently refused discretionary review.

Plaintiff complains in this lawsuit that Justice Keyes violated his constitutional rights by allegedly misstating or fabricating facts in the appellate opinion, making erroneous legal determinations, and denying him a new trial. He seeks $1 million against Justice Keyes in her individual capacity for malicious prosecution and constitutional violations.

## II. ANALYSIS

This Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

Under section 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

Plaintiff's lawsuit must be dismissed for the following reasons.

### A. Judicial Immunity

Plaintiff's claims against Justice Keyes in her individual capacity are barred by judicial immunity.

Under the common law doctrine of absolute judicial immunity, an individual acting within her judicial capacity has absolute immunity in a suit for money damages. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). An individual acts within her judicial capacity

when she performs functions that are normally performed by a judge. *Id.* Further, a judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of her authority. *Id.*

Plaintiff's claims against Justice Keyes concerns actions taken by her in her judicial capacity, and derive from a function normally performed by an appellate court justice. His claims arise from actions that occurred in a courtroom or appropriate adjunct space, and that centered around a case or other judicial matter pending before her. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005); *Burns v. Mayes*, 369 F. App'x 526, 526 (5th Cir. 2010).

Plaintiff's claims for monetary compensation against Justice Keyes must be dismissed with prejudice for failure to state a claim based on judicial immunity.

### B. Rooker-Feldman Doctrine

Even assuming plaintiff's claims were not barred by judicial immunity, they would be barred by the *Rooker-Feldman* doctrine.

It is clear that all of plaintiff's claims in this lawsuit arise from or are related to the state appellate court decision affirming plaintiff's criminal conviction in 2012.[1] The *Rooker-Feldman* doctrine is a common law doctrine that bars federal district courts from asserting subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

[1] Although plaintiff states that the opinion was authored by defendant Justice Keyes, he overlooks the fact that the opinion was a panel decision approved by two other sitting justices.

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In other words, the *Rooker-Feldman* doctrine bars federal district courts from collaterally attacking or interfering with state court judgments and proceedings. *Saudi Basic*, 544 U.S. at 284; *Price v. Porter*, 251 F. App'x, 925, 926 (5th Cir. 2009).

A state court judgment is considered attacked for purposes of *Rooker-Feldman* when the losing party in a state court action seeks what in substance would be appellate review of a state judgment. *Weaver v. Tex. Capital Bank NA.*, 660 F.3d 900, 904 (5th Cir. 2011). The governing issue is whether the claims are inextricably intertwined with the state court judgment and thereby barred by *Rooker-Feldman* or whether there is an independent claim where the injury does not arise from the state court judgment. *Turner v. Cade*, 354 F. App'x 108, 110–11 (5th Cir. 2009). The Fifth Circuit has made clear "that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir. 1986).

It would not be possible for this Court to review plaintiff's claims and consider his requested relief without reviewing the merits of the state appellate court decision. Thus, the Court's review of plaintiff's claims is barred by the *Rooker-Feldman* doctrine.

C. *Heck* Bar

Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the court must dismiss a civil rights complaint filed under 42 U.S.C. § 1983 if its success would necessarily imply the

invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

The crux of plaintiff's complaint in this lawsuit is that the state appellate court, through Justice Keyes, allegedly fabricated facts, applied incorrect law, and unlawfully denied him a new trial. His complaint challenges the validity of his conviction, and a ruling in his favor in this lawsuit would necessarily implicate the validity of his conviction and affect the duration of his confinement.

Before plaintiff can proceed with this lawsuit, he must demonstrate that his conviction and sentence have been reversed, invalidated, or otherwise set aside. *Heck* at 486–87. He has not met this burden. Until plaintiff receives a ruling declaring his conviction invalid, he cannot file or pursue this claim under section 1983, and his lawsuit is legally frivolous under sections 1915(e)(2) and 1915A(b). *See Hamilton v. Lyons*, 74 F.3d 99, 102–103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Consequently, assuming plaintiff's claims were not barred by judicial immunity or the *Rooker-Feldman* doctrine, his claims would be barred until such time as the conditions imposed by *Heck* were met.

## III. CONCLUSION

For these reasons, the Court **ORDERS** as follows:

(1)   Plaintiff's claims against defendant Evelyn Keyes are **DISMISSED WITH PREJUDICE** as barred by judicial immunity.

(2)   Any and all pending motions are **DENIED AS MOOT**.

(3)   This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to all parties, to TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 12 day of June, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE